# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | | |
|---|---|---|
| **ACH, LLC, individually and derivatively on behalf of PEACHTREE COLUMBUS INVESTORS, LLC,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | Civil Action No: 1:13CV228-GHD-DAS |
| **PEACHTREE COLUMBUS III, LLC, MHG, LP, COLUMBUS LAND DEVELOPMENT, LLC, and JATIN DESAI,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff ACH, LLC, individually and derivatively on behalf of Peachtree Columbus Investors, LLC, and files this Complaint against Defendants Peachtree Columbus III, LLC, Columbus Land Development, LLC, MHG, LP, and Jatin Desai (collectively, the "Defendants"). In support of this Complaint, ACH states as follows:

## PARTIES

1. Plaintiff ACH, LLC ("ACH" or "Plaintiff") is a limited liability company organized and existing under the laws of the state of Alabama, with its principal place of business located in Tuscaloosa, Alabama. At all times relevant, ACH has been a member of Peachtree Columbus Investors, LLC, owning 5% of the outstanding membership units.

2. Defendants Peachtree Columbus III, LLC ("Peachtree III") and Columbus Land Development, LLC ("Columbus Land") are limited liability companies organized under the laws of the state of Georgia, which at all times relevant to this Complaint, have been actively doing business in the state of Mississippi in this Judicial District.

3. Defendant MHG, LP ("MHG") is a limited partnership organized under the laws of the state of Mississippi, which at all times relevant to this Complaint, has been actively doing business in this Judicial District.

4. Defendant Jatin Desai ("Desai") is a resident of the state of Georgia who at all times relevant to this Complaint, has been transacting business in the state of Mississippi in this Judicial District.

5. This action is brought individually and derivatively on behalf of Peachtree Columbus Investors, LLC's ("Peachtree Columbus"). Defendants' conduct is common to all members of Peachtree Columbus. Pursuant to Rule 23.1 of the *Federal Rules of Civil Procedure*, Plaintiff avers that it will fairly and adequately represent all interests of the members of Peachtree Columbus, who are similarly situated. Further, as set forth in more detail below, upon learning of the wrongful actions taken by Defendants, Plaintiff objected strongly to Defendants' wrongful actions and demanded that Defendants not enter into the transaction at issue in this case. Plaintiff's efforts and demands on Defendants were to no avail. However, even if Plaintiff had not made a demand on Defendants, demand should be excused as futile because the allegations set forth more fully herein, "create reasonable doubt that, as of the time the complaint was filed, a majority of the [management] could have properly exercised its independent and disinterested business judgment in responding to a demand." *Staehr v. Alm*, 269 Fed. Appx. 888, 891 (11th Cir. 2008).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because there is complete diversity of citizenship between the parties.

2

7. Venue is proper in this Judicial District because all acts alleged occurred therein.

**FACTS**

8. On September 29, 2009, Peachtree Columbus was formed for the purposes of developing raw land into a multi-use commercial business site in Columbus, Mississippi. More specifically, Peachtree Columbus would invest in the real estate development in Columbus, which was going to consist of two hotels, a Courtyard by Marriot and a Fairfield Inn, and the outparcels would be developed for retail use (the "Project"). Defendants represented to all investors, including Plaintiff ACH, that the investors would have an interest in the entire Project.

9. Under the Operating Agreement of Peachtree Columbus, ACH became a 5% member of Peachtree Columbus with that percentage of interest in its assets made up of the real estate located in Columbus, Mississippi.

10. Under the corporate structure, attached hereto as Exhibit A, the investors, through Peachtree Columbus, owned all of the assets through Columbus Land, a subsidiary owned one hundred percent (100%) by Peachtree Columbus. The development of these assets was clearly a corporate opportunity and the primary objective of the investors' investment in Peachtree Columbus.

11. At all times relevant, Defendants have controlled Columbus Land and the assets thereof. From the creation of Peachtree Columbus through today, Defendants have failed to provide financial information and other materials concerning the development of the Project. This failure to communicate and provide truthful information is a clear violation of their fiduciary duty owed to Plaintiff and all other investors in the Project.

12. In or about early 2013, Defendants decided to enter into an agreement with MHG, an entity organized and existing as an EB-5 Investor under federal law.[1] Defendants advised Plaintiff and other investors that they intended to dilute Plaintiff and the other investors membership interests by selling an interest in Peachtree Columbus to MHG. *See* March 13, 2012 Email from Defendant Desai setting forth the representations of Defendants, attached hereto as Exhibit B; Organizational Chart evidencing Defendant MHG as a co-investor in Columbus Land, attached hereto as Exhibit C. After receiving this material, ACH through its representatives protested this "restructuring" because it would substantially dilute its interest, as well as the other investors' interests in Peachtree Columbus. Plaintiff took the position that this was inappropriate, especially without a vote of the other members of Peachtree Columbus and constituted a clear breach of fiduciary duty.

13. Rather than deal honestly and appropriately with the concerns of its equity owners, to whom they owed a fiduciary duty, Defendants conspired to and did undertake a plan to secretly dilute the investors, including Plaintiff, through a direct conveyance or transfer of the real estate interests of Peachtree Columbus to Defendant Peachtree III, an entity controlled entirely by Defendant MHG. Peachtree Columbus and its owners were not offered any interest in Peachtree III, and Defendants were aware that they were misappropriating these assets.

14. Pursuant to this conspiracy, in August 2012, Defendants effected the transfer of a substantial part of the Project's real estate consisting of the undeveloped parcels to a new entity named Peachtree III. *See* August 15, 2012 Deed from Columbus Land to Peachtree III, attached hereto as Exhibit D. Upon and information and belief, this entity was and is controlled and owned by Defendants. This transfer was effected in order to: 1) dilute and deprive the investors

---

[1] An EB-5 visa for immigrant investors is a United States visa created by the Immigration Act of 1990. This visa provides a method of obtaining a green card for foreign nationals who invest money in the United States.

in Peachtree Columbus of their rightful interests in these undeveloped assets and any profits generated; 2) allow Defendants in the EB-5 Investor entity MHG to freely develop the property without an interest of the Plaintiff and other investors being respected, honored, and compensated for.

15. In furtherance of this course of conspiracy, Defendants have commenced developing the parcel of real estate, which was formerly the property of Peachtree Columbus and its investors, including the Plaintiff. Consistent with their prior pattern of behavior, Defendants have given no notice, disclosure or information to the investors, including Plaintiff of this fact.

16. Moreover, consistent with their prior conduct, Defendants fraudulently concealed material facts, including that: 1) the unlawful conveyance of the property from Columbus Land to the new entity; 2) the cash consideration paid, if any, for the property; 3) any accounting of the details of the transaction, including the monies paid for the property; 4) any explanation as to why this corporate opportunity could not be developed by the existing entity; 5) any other information as to what extent the assets have been depleted, including ACH's and the other investors' dilution. These suppressions of material facts constitute fraud.

17. Plaintiff asserts that Defendants' wrongful conduct in the transfer of these assets constitutes a breach of its fiduciary duty, theft of a corporate opportunity, and fraud. Plaintiff further avers that the Peachtree Columbus is entitled to a constructive trust over any and all profits, monies received for the property, or an Order requiring the return of the assets to the corporate entity.

18. Plaintiff and the other members of Peachtree Columbus already have suffered substantial loss of the sole value of their investment. In addition, the development of these assets

will further deprive Plaintiffs and the other investors of their interests in these assets misappropriated by Defendants from Peachtree Columbus.

## **COUNT 1**

19. Plaintiff repeats and realleges the foregoing as if fully set forth herein.

20. Plaintiff, on behalf of himself and Peachtree Columbus, claims Defendants are liable for breach of fiduciary duty for their theft of corporate assets and depreciation of assets belonging directly to Peachtree Columbus and its investors.

WHEREFORE, premises considered, Plaintiff demands judgment against all Defendants for compensatory and punitive damages, attorneys' fees, and costs of Court.

## **COUNT 2**

21. Plaintiff repeats and realleges the foregoing as if fully set forth herein.

22. Plaintiff contends that Defendants are liable for their misappropriation and willful and malicious usurpation of the corporate opportunity which constitutes a breach of fiduciary duty.

WHEREFORE, Plaintiff prays that this Court shall enter an Order: 1) imposing a constructive trust over the subject property and all profits derived therefrom for the benefit of Plaintiff and Peachtree Columbus; 2) granting Plaintiff and the Peachtree Columbus all damages to which they may be entitled; 3) granting attorneys' fees and costs of Court; and 4) such other, further, additional relief to which they may be entitled.

## **COUNT 3**

23. Plaintiff repeats and realleges the foregoing as if fully set forth herein.

24. Defendants are liable for fraud and concealment/suppression of material facts for their failure to disclose the conveyance of the subject property to Peachtree III, which has caused great injury to the Plaintiff and Peachtree Columbus.

25. WHEREFORE, premises considered, Plaintiff demands judgment against all Defendants for compensatory and punitive damages, attorneys' fees, and costs of Court.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues triable.

Respectfully submitted,

 /s  Bert M. Guy
Counsel for Plaintiff ACH, LLC

**OF COUNSEL:**

Bert M. Guy
Justin G. Williams
Cason Kirby
Tanner & Guin LLC
205.633.0206
205.633.0218
Fax 205.633.0306
Fax 205.63.0318
bguy@tannerGuin.com
jwilliams@tannerguin.com
ckirby@tannerguin.com

Andrew P. Campbell
A Todd Campbell
Leitman, Siegal, Payne & Campbell PC
420 N. 20th Street, Suite 2000
Birmingham, AL 35203
205.251.5900
Fax 205.986.5074
acampbell@lspclaw.com
tcampbell@lspclaw.com

7

**PLEASE SERVE THE FOLLOWING DEFENDANTS VIA CERTIFIED MAIL**

**PEACHTREE COLUMBUS III, LLC**
c/o Corporation Service Company
40 Technology Parkway South, Suite 300
Norcross, GA 30092

**MHG, LP**
c/o Robert Latham
100 South Pearl Street
P. O. Box 1307
Natchez, MS 39121

**COLUMBUS LAND DEVELOPMENT, LLC**
c/o Corporation Service Company
506 South President Street
Jackson, MS 39201-5301

**JATIN DESAI**
Peachtree Hotel Group LLC
Two Premier Plaza
5607 Glenridge Drive, Suite 430
Atlanta, GA 30342

Case 3:13-md-09002228-G#D-3DA (Court only) Filed 11/27/13 8 of 8 PageID #:30507

8